The second case for argument this morning is United States v. Lore. Todd Schultz, Assistant Federal Public Defender. Mr. Schultz, wait until your case is called. We allow both counsel to find a place. Mr. Schultz. May it please the court, counsel for the government, Todd Schultz, Assistant Federal Public Defender, representing the defendant appellant. At the revocation hearing in this case, the district court determined the defendant's guideline range to be four to ten months. It then analyzed certain statutory sentencing factors it found to be particularly relevant to the defendant and concluded after that analysis that a guideline sentence was certainly appropriate. It then imposed a twenty-month sentence, that sentence consisting of ten months on each of the two counts to be run consecutively. The district court erred in its conclusion that a twenty-month sentence was within the four to ten-month guideline range as set out in the revocation table in Chapter 7. The primary question before the court on appeal, I believe, is do the guideline ranges located in the Chapter 7 revocation table represent total punishment? It's my hope that the defendant's position, that obviously they do, would be rather non-controversial, but in case the court is uncertain about that, I think there are a number of reasons that strongly support the court concluding that those ranges do, in fact, represent the total punishment. In looking to the guidelines themselves, those chapters that precede Chapter 7, and understanding the guiding principles that were used to establish the sentencing table in Chapter 5, this whole notion that somehow the guideline range in Chapter 7 would be drastically different is essentially foreign to the guidelines. If the district court is... Counsel, what guideline range are you referring to? His guideline range was found to be four to ten months in the... Why do you refer to that as a guideline range? There is no guideline range for revocation of supervised release. There are application notes containing suggestions, but there is no guideline range, and that's one reason why this court has held consistently over the years that the standard of review is not the normal guideline standard. Your Honor, it was my understanding, though, even in a revocation context, that the district court is still required to properly calculate the guideline range. There is no guideline range for revocation of supervised release. Now, if your objection is that the district judge misunderstood the Sentencing Commission's recommendations, I can get that, but there is no guideline range. Sorry. Your Honor, I guess perhaps I'm using imprecise terminology. My position is that the district court misunderstood the Sentencing Commission's advice with respect to potential sentences, which is to say the district court thought that the advice was a range of four to twenty months. It's our belief that that is clearly not what the advice is that's embodied in Chapter 7, that the advice for total punishment was four to ten months. That interpretation is consistent with the Sentencing Commission's strong concern in multi-count cases that those sentences not be driven primarily by a prosecutor's charging decision. You're really losing me. Look, not only is there no guideline range, the district judge said that she wasn't relying on what the Commission was recommending, that she was going to impose this sentence no matter what the recommendation was, and she has, of course, that power. Why isn't that the end of things? Well, I don't, and it may turn out that I'm wrong in this, but I don't think there's certain magic words that a district court can say at the conclusion of a sentencing hearing that clears up a significant procedural error, and so when the court referenced that. You know, the holding of this court, in many cases, there is no error if the district judge says, it just doesn't matter what the Commission recommended in this case. Here's the appropriate treatment of this particular person, and I'm relying on the statutory criteria. We've said that there's no error in that sequence because the guidelines, what the Sentencing Commission recommended, was not the dispositive factor. Now, what you're essentially urging us to do is ignore those cases or treat the district judge as a liar or both, and neither one is very attractive. Well, it won't come as a surprise, I'm sure, to the court that I'm not actually suggesting either of those, and I think it's important when the court references the judge's remark at the closing of the sentence that it acknowledge that there was substantive remarks by the court with respect to why it imposed the sentence that it did, and so this idea that the court somehow eschewed the advice of the Sentencing Commission with respect to an appropriate range is just not borne out by the record itself. In fact, it is after the court discusses the statutory sentencing factors that it says a sentence within the guidelines, and the court refers to them as the guidelines, is appropriate, so that it later, in conclusion, when it's brought to the court's attention that the sentence it's imposed is actually double the recommended range, I believe when the court says, quote, if the sentence I imposed is not within the guidelines, then it was my intention to impose a sentence outside the guidelines. In other words, the sentence I imposed is the sentence I intended to impose as opposed to my intent being a guideline sentence. I don't believe that that's sufficient justification for the sentence that the court ultimately went on to impose, a sentence which is double... And do you have some authority where this court has said that a declaration of that kind is legally inadequate? Your Honor, my understanding is that the court would have to provide a firm assurance... The answer to that question is yes or no, and if your answer is yes, I'll be asking you to name the authority you are relying on. Your Honor, the case that I'm thinking of that's in the brief I think is Heinz Flag, which is an opinion of this court where it talks about the need for a firm assurance that the sentence it imposed would still impose that same sentence. So in answer to the question, the court's direct question, I would rely on United States v. Heinz Flag for that position. Also, with respect to this idea that the 20-month sentence is within the guidelines, and I'm using the word guidelines because that's the way the court refers to them as well, I would just note that that concept, that somehow a 20-month sentence could be within the suggested range of 4 to 10 months, is totally at odds with this idea of... ..totally at odds with the Sentencing Commission's concern about multi-count conviction cases. The Sentencing Commission, it's clear throughout the guidelines that they don't want sentences doubled or tripled depending upon how many counts the government might choose to bring. So for these reasons, we believe the court should vacate the conviction and remand for resentencing. I'll say the remainder of my time for rebuttal. Mm-hmm. Certainly, counsel. Mr Cooner. May it please the court, Liam Cooner on behalf of the United States. Counsel. Mr Schultz. Your Honours, I'll take a second to kind of add colour to my appellate brief. Mr Lohr had a problem. He went ahead and preyed on homeless people and drug addicts. He went around in his car with a computer forging scripts, going to multiple places, and the court may, of course, ask, well, it seems there will only be two counts in Illinois. The other stuff was over in the state of Missouri. He's doing this. He gets a light sentence. He only got nine months. The defence attorney and myself had agreed on a higher sentence. The judge didn't accept that. The judge was doing the right thing. She felt that he was an addict and that she would come down on the sentence. Okay, so he gets out on supervised release. He goes to the RRC. He messes up with the typical violations, not showing up when he's supposed to, not paying his obligations, possession of contraband. She goes ahead and gives him what could be viewed as a first chance, viewed as a second chance because, arguably, he got a break at sentencing. So he gets a second chance. He just gets a modification. He screws up another time. Pardon my language. The same kind of stuff. He comes in front of this judge, Judge Jandel, and she gives him yet another chance.